**WO**                  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Horanzy,<br><br>                Plaintiff,<br><br>v.<br><br>Vemma Nutrition Company, *et al.*,<br><br>                Defendants. | No. CV-15-00298-PHX-JJT<br><br>**ORDER** |

At issue are Defendants Vemma Nutrition Company and Yibing Wang's Second Motion to Dismiss (Doc. 57, MTD), to which Plaintiff John Horanzy filed a Response (Doc. 59), and Defendants filed a Reply (Doc. 60); and Plaintiff's Request for an Order Directing the Parties and the Federal Trade Commission to Appear for a Settlement Conference (Doc. 61, Pl.'s Req.), to which Defendants filed a Response (Doc. 62). For the reasons that follow, the Court denies Defendants' Motion to Dismiss Count Five of Plaintiff's Amended Complaint (Doc. 57) and denies Plaintiff's Request (Doc. 61).

**I.    BACKGROUND**

For the purposes of this Order, the Court adopts its recitation of the background of this case in its July 30, 2015 Order (Doc. 45), in which it granted in part and denied in part Defendants Vemma Nutrition Company, Benson Boreyko, and Yibing Wang's Motions to Dismiss.

Additionally, Plaintiff includes new pertinent allegations in his Amended Complaint that the Court will consider in its analysis below. Plaintiff alleges that,

between 2008 and 2011 in New York, he purchased Vemma products in person from a Vemma distributor. (Doc. 46, Am. Compl. ¶ 10.) Plaintiff told the distributor about his personal medical condition, and the distributor then pitched the Vemma products to Plaintiff "using a personal health testimonial that the product helped the distributor alleviate a disease that previously required treatment by prescription drugs." (Am. Compl. ¶ 10.) The distributor also stated that the products' "Mangosteen ingredient . . . could cure a host of medical diseases." (Am. Compl. ¶ 10.) In deciding to purchase the products, Plaintiff also alleges he relied on marketing representations from the products' label and packaging and from Vemma's website, including that the products cure or alleviate diseases. (Am. Compl. ¶ 10.)

## II.   RULE 9(B) MOTION TO DISMISS

A defendant may seek dismissal of a fraud-based claim for failure to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) in the same manner it seeks dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107-08 (9th Cir. 2003). Rule 9(b) requires that, in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." This pleading standard also applies to claims for misrepresentation. *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1028 (D. Ariz. 2003) (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1118 (9th Cir. 2003)). To meet the Rule 9(b) particularity requirement, a plaintiff "must include statements regarding the time, place, and nature of the alleged fraudulent activities," and "'mere conclusory allegations of fraud are insufficient.'" *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc*), *superseded by statute on other grounds*, Private Secs. Litig. Reform Act of 1995, Pub. Law 104-67 (codified at 15 U.S.C. § 78u-4 (1995)). Thus, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Furthermore,

>a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.

*GlenFed*, 42 F.3d at 1548.

Here, Defendants move to dismiss Plaintiff's fraud claim, Count Five of the Amended Complaint, for failure to plead with sufficient particularity as required by Rule 9(b). (MTD at 1.) Defendants argue that, in order to state his fraud claim, Plaintiff must allege sufficient facts to meet the higher pleading standard for *both* the Vemma distributor's verbal representations in New York *and* the written representations available online. (MTD at 4-5.)

As discussed above, in order to move a fraud claim beyond the motion to dismiss stage, Plaintiff must include "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106. When a plaintiff alleges a fraudulent advertising campaign conveyed through various media (*i.e.*, print, online, verbal), the plaintiff need only allege a single specific instance of exposure to that allegedly fraudulent material, and does not need to meet the Rule 9(b) pleading standard for each medium of advertising upon which he could have relied. *See, e.g.*, *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, No. ML 12-2317-CAS (JEMx), 2012 WL 6062047, at *14-15 (C.D. Cal. Dec. 3, 2012) ("It suffices for plaintiffs to provide examples of advertisements similar to those they saw as long as all the advertisements convey the core allegedly fraudulent message."); *Rikos v. Proctor & Gamble Co.*, 782 F. Supp. 2d 522, 535 (S.D. Ohio 2011) (concluding that alleging a single specific instance of exposure to an allegedly fraudulent advertising campaign is sufficient to state a claim under Rule 9(b)); *Morey v. NextFoods, Inc.*, No. 10-CV-761-JM (NLS), 2010 WL 2473314, at *2 (S.D. Cal. June 7, 2010) (same).

Plaintiff's allegations of fraud are sufficient under Rule 9(b). In his Amended Complaint, Plaintiff fulfills the "who," "when," and "where" elements by alleging a

specific instance of deceptive statements, made in New York between 2008 and 2011, by a Vemma distributor and directed at Plaintiff personally. (Am. Compl. ¶ 10.) Additionally, fulfilling the "what" and "how" elements, Plaintiff alleges that he relied on the verbal representations, product packaging, and online testimonials, all stating that Vemma products were "clinically studied" and "physician formulated" and could cure or alleviate certain diseases. (Am. Compl. ¶ 10.) The specific example provided by Plaintiff is sufficient to meet the Rule 9(b) pleading standard.

Plaintiff's specific allegations are tied to broader allegations of similar representations by Vemma, which together Plaintiff claims form a "common scheme" of fraudulent conduct. (Am. Compl. ¶¶ 10, 90-120.) But Plaintiff need only meet the Rule 9(b) pleading standard for one instance of alleged fraud, *see Rikos*, 782 F. Supp. 2d at 535, and because Plaintiff's specific allegation of a misrepresentation meets the standard, Plaintiff's fraud claim survives Defendants' Motion to Dismiss.

### III.  MOTION FOR SETTLEMENT CONFERENCE WITH FTC

In his Motion, Plaintiff requests that the Court order that he receive notice and an opportunity to attend any settlement conference in a separate action before this Court brought by the Federal Trade Commission (FTC) against Defendant Vemma Nutrition Company, Case Number CV-15-01578-PHX-JJT. (Pl.'s Req. at 1-2.) Plaintiff argues that the FTC has indicated that it is investigating Vemma's compliance with a 1999 Consent Decree between the FTC and Vemma's predecessor concerning the predecessor's marketing practices, and that investigation could bear on Plaintiff's present claims against Vemma. (Pl.'s Req. at 1-2.)

To begin with, any investigation by the FTC into Vemma's compliance with the 1999 Consent Decree is not presently a case or controversy before this Court, so Plaintiff's request is hypothetical as to the Court's setting of a settlement conference with respect to that issue. Moreover, there is presently no significant overlap between Plaintiff's and the FTC's claims against Vemma in their respective lawsuits, so the Court

has no cause to order that Plaintiff receive notice and an opportunity to attend any settlement conference in the FTC case.

**IT IS THEREFORE ORDERED** denying Defendants' Second Motion to Dismiss (Doc. 57).

**IT IS FURTHER ORDERED** denying Plaintiff's Request for an Order Directing the Parties and the Federal Trade Commission to Appear for a Settlement Conference (Doc. 61).

Dated this 15th day of April, 2016.

_____
Honorable John J. Tuchi
United States District Judge